MJC2020R00557

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. RDB-22-094 |
| v. | : | |
| | : | (Conspiracy to Commit Bank Fraud, |
| PHILIP ABRAMOWITZ, and | : | 18 U.S.C. § 1349; Bank Fraud, 18 |
| CALVIN ABRAMOWITZ, | : | U.S.C. § 1344; False Statement on a |
| | : | Loan Application, 18 U.S.C. § 1014; |
| Defendants. | : | Forfeiture, 18 U.S.C. § 982(a)(2)(A)) |

...oOo...

# INDICTMENT

## COUNT ONE

**(Conspiracy to Commit Bank Fraud)**

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendant PHILIP ABRAMOWITZ was a resident of Pikesville, Maryland.

2. Defendant CALVIN ABRAMOWITZ was a resident of Lakewood, New Jersey, and the brother of PHILIP ABRAMOWITZ.

3. 163 N. Potomac St., LLC, was a Maryland company with its principal office located at 5906 Park Heights Ave., Baltimore, Maryland. PHILIP ABRAMOWITZ was the sole member and owner of 163 N. Potomac St., LLC.

4. S & D Investments was a business located at 5906 Park Heights Ave., Baltimore, Maryland. PHILIP ABRAMOWITZ opened and maintained PNC Bank account XX-XXXX-8995 under the name of "PHILIP ABRAMOWITZ DBA S & D Investments." The address listed for the business account is a post office box at 1325 Bedford Avenue in Pikesville, Maryland.

5. Y.E. was a property manager hired by PHILIP ABRAMOWITZ and CALVIN ABRAMOWITZ to find tenants and do maintenance work.

6. Plaza Home Mortgage, Inc. ("Plaza Home Mortgage") and Movement Mortgage, LLC ("Movement Mortgage"), were financial institutions within the meaning of Title 18, United States Code, Section 20.

7. The Federal Housing Administration (FHA) was part of the U.S. Department of Housing and Urban Development (HUD). FHA provided mortgage insurance on loans made by FHA-approved lenders. FHA-insured loans enabled first-time home buyers to obtain long-term financing under terms and conditions that would otherwise not be available to them through normal commercial channels.

8. PHILIP ABRAMOWITZ used his limited liability company, 163 N. Potomac St., LLC, to purchase two houses located on N. Potomac Street in Baltimore City ("Potomac Street Properties"). The first house, located at 163 N. Potomac St., Baltimore, MD, was purchased on or about November 21, 2013, for approximately $41,000 ("163 N. Potomac St."). The second house, located at 146 N. Potomac St., Baltimore, MD, was purchased on or about November 25, 2013, for approximately $55,000 ("146 N. Potomac St.").

9. On or about August 2, 2016, property manager Y.E., acting on behalf of 163 N. Potomac St., LLC, and at the direction of PHILIP ABRAMOWITZ, sold the house at 163 N. Potomac St. to CALVIN ABRAMOWITZ for $300,000. To fund the purchase of the property, CALVIN ABRAMOWITZ applied for and received an FHA-insured loan (Loan No. 244-1235918) from Plaza Home Mortgage in the amount of $294,566.

10. On or about March 31, 2017, property manager Y.E., acting on behalf of 163 N. Potomac St., LLC, and at the direction of PHILIP ABRAMOWITZ, sold the house at 146 N. Potomac St. for $250,000 to Kalman Abramowitz, the father of PHILIP ABRAMOWITZ and

CALVIN ABRAMOWITZ. To purchase the property, Kalman Abramowitz applied for and received an FHA-insured loan (Loan 244-1376052) from Movement Mortgage in the amount of $245,471.

### The Scheme and Artifice to Defraud

11. From on or about May 31, 2016 until on or about April 21, 2017, in the District of Maryland, PHILIP ABRAMOWITZ, CALVIN ABRAMOWITZ, and others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud two financial institutions, namely, Plaza Home Mortgage and Movement Mortgage, and to obtain money and property owned by or under the custody and control of the aforesaid financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, namely, by submitting mortgage applications for the purchase of the Potomac Street Properties that contained false information that misrepresented the ownership interests of the sellers and buyers involved in the transactions, as well as their financial wherewithal to obtain financing, in violation of 18 U.S.C. § 1344 (hereinafter, "the scheme to defraud").

### The Conspiracy to Execute the Scheme to Defraud

12. From on or about May 31, 2016, until on or about April 21, 2017, in the District of Maryland, the defendants,

**PHILIP ABRAMOWITZ and
CALVIN ABRAMOWITZ,**

and others known and unknown to the Grand Jury, did knowingly and willfully conspire and agree to execute, and attempt to execute, the scheme and artifice to defraud, and to obtain moneys, funds, and other property owned by or under the custody and control of Plaza Home Mortgage and Movement Mortgage by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## Object of the Conspiracy to Defraud

13. The object of the conspiracy to defraud was to obtain loan proceeds for the defendants and others by making material misrepresentations and omissions to Plaza Home Mortgage and Movement Mortgage during the loan application and underwriting process regarding the seller's and buyers' ownership interests in the sale and purchase of the Potomac Street Properties, as well as the borrowers' financial means to qualify for loans to purchase the aforesaid properties.

## Manner and Means of the Conspiracy to Defraud

14. It was part of the conspiracy to defraud that PHILIP ABRAMOWITZ, to facilitate the sale of his two properties, had family members get FHA loans in their names to finance their purchase of 163 and 146 N. Potomac Street.

15. It was further part of the conspiracy to defraud that, in order to hide the fact that the seller and buyers of the Potomac Street Properties were related parties, PHILIP ABRAMOWITZ, CALVIN ABRAMOWITZ, and others submitted false bank records and company filings during the loan application and underwriting process that concealed PHILIP ABRAMOWITZ's involvement in the real estate transactions.

   a. PHILIP ABRAMOWITZ falsified an LLC Resolution and other LLC records to create the pretense that his property manager, Y.E., was the sole owner or managing member of 163 N. Potomac Street, LLC, the selling entity in both Potomac Street transactions.

   b. PHILIP ABRAMOWITZ had Y.E. attend the real estate settlements to pose as the owner or managing member of the Potomac Street Properties and, as such, fraudulently sign all closing documents as the "seller" to finalize the sales and disburse the loan proceeds.

16. It was further part of the conspiracy to defraud that PHILIP ABRAMOWITZ provided the money to cover the closing costs of CALVIN ABRAMOWITZ and Kalman

Abramowitz for the purchases of 163 and 146 N. Potomac Street, respectively.

17.     It was further part of the conspiracy to defraud that PHILIP ABRAMOWITZ and CALVIN ABRAMOWITZ falsified bank statements that misrepresented CALVIN ABRAMOWITZ's financial wherewithal to qualify for the mortgage on 163 N. Potomac Street.

18.     It was further part of the conspiracy to defraud that CALVIN ABRAMOWITZ made material misrepresentations during the mortgage application process for the purchase of 163 N. Potomac Street, including the source of his down payment and his intent to live in the house as his primary residence and not use it as a rental property.

19.     It was further part of the conspiracy to defraud that Kalman Abramowitz made material misrepresentations during the mortgage application process for the purchase of 146 N. Potomac Street, including the source of his down payment and his intent to live in the house as his primary residence and not use it as a rental property.

20.     It was further part of the conspiracy to defraud that PHILIP ABRAMOWITZ had Y.E. open a second bank account in the name of 163 N. Potomac Street, LLC, so the settlement company could send a wire transfer of the proceeds from the sale of 146 N. Potomac Street to that account.

18 U.S.C. § 1349

## COUNT TWO

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1-9, 11, and 13-18 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. From on or about May 31, 2016, until on or about August 2, 2016, in the District of Maryland, the defendants,

**PHILIP ABRAMOWITZ and
CALVIN ABRAMOWITZ,**

did knowingly and willfully execute and attempt to execute the scheme to defraud Plaza Home Mortgage and to obtain moneys, funds, credits, assets, and other property under the custody and control of Plaza Home Mortgage by means of material false and fraudulent pretenses and representations, namely, by causing the submission of a mortgage application and supporting documentation for the purchase of 163 N. Potomac Street that contained false information about the ownership interests of the seller and buyer involved in the transaction, as well as the buyer's financial wherewithal to obtain financing, including the following:

(a) Information that fraudulently represented Y.E. as the authorized manager of 163 N. Potomac St., LLC, acting on behalf of the seller;

(b) Monthly bank statements of PHILIP ABRAMOWITZ that had been altered to make it appear as though the statements were from CALVIN ABRAMOWITZ's bank account;

(c) False claims about the source of funds CALVIN ABRAMOWITZ used to pay $10,500 in closing costs; and

(d) False claims about CALVIN ABRAMOWITZ's intended use of the property.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT THREE

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1-8, 10-11, 13-16, and 19-21, of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. From on or about March 30, 2017, in the District of Maryland, the defendant,

**PHILIP ABRAMOWITZ,**

did knowingly and willfully execute and attempt to execute the scheme to defraud Movement Mortgage and to obtain moneys, funds, credits, assets, and other property under the custody and control of Movement Mortgage by means of material false and fraudulent pretenses and representations, namely, by causing the submission of a mortgage application and supporting documentation for the purchase of 146 N. Potomac Street that contained false information about the ownership interests of the seller and buyer involved in the transaction, as well as the buyer's financial wherewithal to obtain financing, including the following:

(a) Information and documents that fraudulently represented Y.E. as the sole owner and member of 163 N. Potomac St., LLC, acting on behalf of the seller;

(b) An affidavit signed under the penalties of perjury falsely asserting that PHILIP ABRAMOWITZ sold his 100% ownership interest in 163 N. Potomac St., LLC to Y.E on December 14, 2014;

(c) A false image of a $20,000 check that Y.E. purportedly used to buy a membership interest in 163 N. Potomac St., LLC;

(d) False claims about the source of funds used to pay Kalman Abramowitz's closing costs of $8,750;

(e) False claims about Kalman Abramowitz's intended use of the property; and

(f)     Monthly bank statements of PHILIP ABRAMOWITZ that had been altered to make it appear as though the statements were from KALMAN ABRAMOWITZ's bank account.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT FOUR

(False Statement on a Loan Application)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1-9, 11, and 13-18, of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. On or about August 2, 2016, in the District of Maryland, the defendant,

**CALVIN ABRAMOWITZ,**

knowingly made a false statement for the purpose of influencing the action of Plaza Home Mortgage, a mortgage lending business, in connection with a loan application, in that the defendant represented the following information as true, when in truth and in fact, as the defendant well knew, it was false:

(a) Monthly bank statements of PHILIP ABRAMOWITZ that had been altered to make it appear as though the statements were from the defendant's bank account;

(b) False claims about the source of funds used to pay $10,500 in closing costs; and

(c) False claims about the defendant's intended use of the property.

18 U.S.C. § 1014
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982; 21 U.S.C. § 853; and 28 U.S.C. § 2461(c) in the event of the defendants' convictions under any of the offenses charged in Counts One through Four of the Indictment.

2. Upon conviction for any of the offenses set forth in Counts One through Four, pursuant to 18 U.S.C. § 982(a)(2)(A), the defendants,

**PHILIP ABRAMOWITZ and
CALVIN ABRAMOWITZ,**

shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

3. The property to be forfeited includes, but is not limited to, a money judgment of $535,448 representing the proceeds obtained from their participation in the scheme to defraud.

### Substitute Assets

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 982
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney
District of Maryland

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson                              Date: 3/22/2022